# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **RICHARD FARHNER,** | ) |
| | ) |
| | ) |
| **NICHOLE WEBSTER** | ) |
| | ) |
| **and** | ) |
| | ) |
| **RENEE FARHNER,** | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **THE UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COME NOW plaintiffs Richard Farhner, Nichole Webster (individually and as personal representative of the estate of Dale Farhner, deceased) and Renee Farhner, and, for their complaint against defendant the United States of America (the "United States"), allege and state, as follows:

## JURISDICTION AND VENUE

1.  This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.* (the "FTCA"), and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1346(b), under which federal district courts are vested with exclusive subject matter jurisdiction of civil actions against the United States, for personal injury and/or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment, under circumstances where the United States, if a private

1

person, would be liable to the plaintiffs in accordance with the law of the place where the pertinent act(s) or omission(s) occurred (in this circumstance, the State of Missouri.)

2. Venue is proper in the Western District of Missouri, pursuant to 28 U.S.C. § 1391(b)(2), as well as 28 U.S.C. §§ 1391(e)(l)(B) and (C), in that the United States of America is a defendant in this action, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within the jurisdictional territorial limits of this Court.

3. Plaintiffs timely filed their "Claim For Damage, Injury Or Death" on July 31, 2018, with the United States Department of Veterans' Affairs (an agency of defendant, and hereinafter referred to as the "VA"). The VA failed to respond to said claim within the six-month statutory investigation period. Plaintiffs granted an additional calendar month to the VA, at its request, to finish its investigation. The VA allowed that period to expire without contacting Plaintiffs, and the claim was therefore denied by the VA, as a matter of law, on February 28, 2019. This complaint was filed less than six months after the denial of that claim.

## PARTIES

4. Plaintiff Richard Farhner (hereinafter referred to as "Richard") is a natural person who, at all times referred to in this action, resided in Caldwell County, Missouri.

5. Richard is the legal and natural son of Plaintiffs' decedent, Dale Farhner (hereinafter referred to as "Dale").

6. Plaintiff Nichole Webster (hereinafter referred to as "Nichole") is a natural person who, at all times referred to in this action, resided in Douglas County, Kansas. Nichole is the legal and natural daughter of Dale. Furthermore, Nichole is the duly-appointed personal representative of Dale's decedent's estate.

7. Plaintiff Renee Farhner (hereinafter referred to as "Renee") is a natural person

2

who, at all times referred to in this action, resided in St. Clair County, Missouri. Renee is the legal and natural daughter of Dale.

8. Dale died intestate on May 12, 2018, at the University of Kansas Medical Center (located in Wyandotte County, Kansas), and, at all times referred to in this action was a resident of Caldwell County, Missouri.

9. Defendant United States is being sued in this action for torts committed by employees of its agency, the VA.

10. At all times referred to herein, John Doe 1 and John Doe 2 (collectively, "the police officers"), (a) were police officers of the Department of Veteran's Affairs Police Department, and were acting in the course of and within the scope of their employment by the VA, and (b) were law enforcement officers, for purposes of the FTCA, in that they were empowered by law (specifically, 38 U.S.C. § 902(A)(2)) to make arrests for violations of federal law.

<u>**FACTS COMMON TO ALL COUNTS**</u>

11. On May 10, 2018, Dale, went to the VA Hospital located at 4801 Linwood, Kansas City, Missouri 64128, for emergency medical treatment of a post-surgical infection of a wound from a hernia operation that had been performed at the VA Hospital on May 2, 2018.

12. Upon information and belief, (a) Dale drove into the VA Hospital parking lot toward the emergency room entrance; (b) Dale drove the wrong way on a one-way driveway leading to the emergency room entrance; and, (c) Dale parked his vehicle, and was approached by John Doe 1 and/or John Doe 2, who then ordered Dale to get out of his vehicle.

3

13. Upon information and belief, John Doe 1 and/or John Doe 2 engaged in a physical altercation with Dale at the VA Hospital on May 10, 2018, which directly resulted in physical injuries to Dale, including, but not limited to, cuts, scrapes, bruises and traumatic brain injury.

## COUNT I
### [Wrongful Death; Negligence]

COME NOW plaintiffs and, for their first cause of action against the United States, for wrongful death, pursuant to RSMo. § 537.080, allege and state, as follows:

14. Plaintiffs hereby reallege by reference and incorporate, as if fully set forth herein, the allegations in Paragraphs 1 through 13, inclusive, above.

15. The police officers owed Dale a duty to use due care regarding the safety and well-being of his person.

16. Upon information and belief, and in the alternative to every allegation in this Complaint inconsistent herewith, the injuries sustained by Dale in the physical altercation referred to in Paragraph 13 hereof (a) were the immediate result of negligent conduct on the part of John Doe 1 and/or John Doe 2 (that is, conduct which constituted a breach of the applicable standard of care), and (b) resulted in Dale's death.

17. As a consequence, defendant is liable to plaintiffs for the wrongful death of Dale.

18. Accordingly, Plaintiffs hereby seek recovery for all economic and non-economic losses suffered by them, by reason of the death of Dale, including, but not limited to, funeral expenses, medical expenses, all pecuniary losses suffered by reason of the wrongful death, and the reasonable value of the services, companionship, comfort, instruction, guidance, counsel, training and support of which Plaintiffs have been forever deprived, by reason of the death of Dale; all in an amount to be proven at trial.

WHEREFORE, for the reasons stated herein, plaintiffs hereby respectfully request that

4

this Court enter its judgment, in favor of plaintiffs and against the United States, for the amount of damages sustained by plaintiffs, as alleged herein, and for such other and further relief as this Court may deem fair and proper.

## COUNT II

### [Wrongful Death; Battery/Excessive Use of Force]

COME NOW Plaintiffs and, for their second cause of action against the United States, for wrongful death, pursuant to RSMo. § 537.080, allege and state, as follows:

19. Plaintiffs hereby reallege by reference and incorporate, as if fully set forth herein, the allegations in Paragraphs 1 through 18, inclusive, above.

20. Upon information and belief, and in the alternative to every allegation in this Complaint inconsistent herewith, the injuries sustained by Dale in the physical altercation referred to in Paragraph 13 hereof (a) were the immediate result of conduct on the part of John Doe 1 and/or John Doe 2 (as further described in this Count), and (b) resulted in Dale's death.

21. Upon information and belief, and in the alternative to every allegation in this Complaint inconsistent herewith, such conduct by John Doe 1 and/or John Doe 2 (a) was intended by John Doe 1 and/or John Doe 2 to be harmful to Dale, and/or (b) was intended by John Doe 1 and/or John Doe 2 to constitute offensive contact with Dale.

22. Upon information and belief, and in the alternative to every allegation in this Complaint inconsistent herewith, such conduct by John Doe 1 and/or John Doe 2 constituted the use of more force than was reasonably necessary under the circumstances.

23. As a consequence, defendant is liable to plaintiffs for the wrongful death of Dale.

24. Accordingly, Plaintiffs hereby seek recovery for all economic and non-economic

losses suffered by them, by reason of the death of Dale, including, but not limited to, funeral expenses, medical expenses, all pecuniary losses suffered by reason of the wrongful death, and the reasonable value of the services, companionship, comfort, instruction, guidance, counsel, training and support of which Plaintiffs have been forever deprived, by reason of the death of Dale; all in an amount to be proven at trial.

WHEREFORE, for the reasons stated herein, plaintiffs hereby respectfully request that this Court enter its judgment, in favor of plaintiffs and against the United States, for the amount of damages sustained by plaintiffs, as alleged herein, and for such other and further relief as this Court may deem fair and proper.

## COUNT III

## [Personal Injury; Negligence]

COMES NOW plaintiff Nichole, as personal representative of the estate of Dale, and for Count III of her cause of action against the United States of America, for personal injury, pursuant to RSMo. § 537.020, alleges and states, as follows:

25. Plaintiffs hereby reallege by reference and incorporate, as if fully set forth herein, the allegations in Paragraphs 1 through 24, inclusive, above.

26. The police officers owed Dale a duty to use due care regarding the safety and well-being of his person.

27. Upon information and belief, and in the alternative to every allegation in this Complaint inconsistent herewith, the injuries sustained by Dale in the physical altercation referred to in Paragraph 13 hereof (a) were the immediate result of negligent conduct on the part of John Doe 1 and/or John Doe 2 (that is, conduct which constituted a breach of the applicable standard of care), and (b) did not result in Dale's death.

6

28. As a consequence, defendant is liable to plaintiff Nichole for the injuries sustained by Dale.

29. Accordingly, Plaintiff Nichole hereby seeks recovery for all economic and non-economic losses suffered by Dale, during his lifetime, by reason of such injuries.

WHEREFORE, for the reasons stated herein, plaintiff Nichole hereby respectfully requests that this Court enter its judgment, in favor of plaintiff Nichole and against the United States, for the amount of damages sustained by her decedent, as alleged herein, and for such other and further relief as this Court may deem fair and proper.

## COUNT IV

### [Personal Injury; Battery/Excessive Use of Force]

COMES NOW plaintiff Nichole, as personal representative of the estate of Dale, and for Count IV of her cause of action against the United States of America, for personal injury, pursuant to RSMo. § 537.020, alleges and states, as follows:

30. Plaintiffs hereby reallege by reference and incorporate, as if fully set forth herein, the allegations in Paragraphs 1 through 29, inclusive, above.

31. Upon information and belief, and in the alternative to every allegation in this Complaint inconsistent herewith, the injuries sustained by Dale in the physical altercation referred to in Paragraph 13 hereof (a) were the immediate result of conduct on the part of John Doe 1 and/or John Doe 2 (as further described in this Count), and (b) did not result in Dale's death.

32. Upon information and belief, and in the alternative to every allegation in this

Complaint inconsistent herewith, such conduct by John Doe 1 and/or John Doe 2 (a) was intended by John Doe 1 and/or John Doe 2 to be harmful to Dale, and/or (b) was intended by John Doe 1 and/or John Doe 2 to constitute offensive contact with Dale.

33. Upon information and belief, and in the alternative to every allegation in this Complaint inconsistent herewith, such conduct by John Doe 1 and/or John Doe 2 constituted the use of more force than was reasonably necessary under the circumstances.

34. As a consequence, defendant is liable to plaintiff Nichole for such injuries.

35. Accordingly, Plaintiff Nichole hereby seeks recovery for all economic and non-economic losses suffered by Dale, during his lifetime, by reason of such injuries.

WHEREFORE, for the reasons stated herein, plaintiff Nichole hereby respectfully requests that this Court enter its judgment, in favor of plaintiff Nichole and against the United States, for the amount of damages sustained by her decedent, as alleged herein, and for such other and further relief as this Court may deem fair and proper.

Respectfully submitted,

/s/James LaSalle
Missouri Bar No. 45485
6314 Brookside Plaza, Suite 206A
Kansas City, Missouri 64113
Office: 816-842-4343
Fax: 816-817-0040
jameslasalle@gmail.com
ATTORNEY FOR PLAINTIFFS

8